IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOGAN, | § | |
| TDCJ-CID No. 659838, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-072 |
| | § | |
| JOSEPH CASAL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Christopher Hogan, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint alleging that he has been denied a job and has been denied access to the courts.  The court will dismiss this action as frivolous.

## I. Claims and Allegations

In his Original Complaint, Hogan alleges that he was erroneously diagnosed as having Hepatitis C, a contagious disease.  *See* Docket Entry No. 1, at page 4.  Consequently, he was not allowed to work as a barber and was instead assigned the Field Force.  Hogan attempted to resolve the problem through Angela Skinner, the unit medical administrator, who supposedly had records indicating that Hogan did not have hepatitis.  However, Skinner replied that job assignments are the responsibility of Classification and Major Joseph Randolph.  Hogan attempted to seek help from Wardens Casal and Carranza who also deferred to Randolph.  Eventually, Classification Head Tracie Pawalek transferred Hogan to the furniture factory to work as a clerk.  However, Hogan was not satisfied because he was not assigned to a computer even though he was qualified to use one.  He further states that all clerks who were assigned to computer jobs were white.  Hogan contends that

he was treated differently than other inmates similarly situated and that the defendants' acts violate the American Disability Act (ADA).

In an amended complaint (Docket Entry No. 8), Hogan claims that he was denied access to the courts.  Hogan alleges that he requested indigent supplies sometime before March 28, 2006, but they were not delivered until April 25, 2006.  At that time, Law Library Supervisor Linda Kite told Hogan that he would not receive any additional legal supplies until she saw something indicating that he needed them.  The next day, Hogan showed Kite a discovery order from the 58th State District Court of Jefferson County, and Kite gave him 25 more sheets of paper and carbons.  She then told him to bring his legal work to her and she would see to it that the documents were mailed.

Hogan alleges that a false disciplinary action was filed against him on May 30, 2006.  He then asked Correctional Officer Carol Veasy for additional time in the library on June 2, 2006, for the period he missed on May 30.  Veasy refused, stating that Hogan had lost his opportunity and stated that he could not attend additional sessions.  Subsequent requests for additional time were also rebuffed.  Hogan complains that he is only allowed two hours per day in the law library from Tuesday through Thursday and four hours on Fridays and Saturdays due to his work schedule.  Hogan also complains that Kite read his legal mail.  Further, he complains that he was not able to use the law library on Veterans Day.  The 58th State District Court dismissed Hogan's law suit as frivolous on September 8, 2006.  Hogan contends that  Kite and Veasy denied him access to the courts through their restrictions on available legal supplies and time in the law library.  Hogan seeks compensatory and injunctive relief.

## II. **Analysis**

A. Job Assignment

To establish a violation under the ADA, plaintiff must show: "(1) that he is a qualified individual within meaning of ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which public entity is responsible, or is otherwise being discriminated against by public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669 (5th Cir. 2004), *citing* 42 U.S.C.A. § 12131 *et seq.*.  It is beyond dispute that Hogan is a prison inmate who can be compelled to work at a job regardless of his opinion of the suitability of the job assignment. *See Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001); *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167 (5th Cir.1990); *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988).  He was not sent to prison to earn wages or pursue a professional career path. *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006).  He has no constitutional right to a particular job notwithstanding his purported talents and skills. *Olim v. Wakinekona*, 103 S.Ct. 1741, 174 (1983). , Hogan cannot challenge the assignment unless the job clearly endangers his health.   *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995); *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989).  Hogan has been assigned to work as a clerk, a job which presents no obvious perils and by prison standards is a fairly comfortable assignment.  His disappointment that he cannot exercise his prowess at the computer does not remotely indicate that he has been denied any benefit and his unsupported belief that he has been subjected to discrimination is legally baseless. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 n.15  (5th Cir. 2001).  Therefore, Hogan's claim regarding his job assignment shall be dismissed.

B. Access to Courts

Under the Constitution, prisoners have a right of access to court and a prison must provide its inmates with access either to an adequate law library or to adequate legal assistance by trained personnel. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). However, this right is not unlimited, and some restrictions may be placed on an inmate's access to a law library. *See Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996); *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Hogan states that he was allowed up to fourteen hours in the law library each week which is more than adequate to give him a fair opportunity to conduct legal research pursuant to his prison related litigation. *Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (limiting library access to five hours each week does not violate Constitution). The fact that Hogan may have missed an occasional library session is not a constitutional violation where no prejudice has been shown. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). *See also Hewes v. Magnusson*, 350 F.Supp.2d 222, 236 (D.Me. 2004); *Muhammad v. Hilbert*, 906 F.Supp. 267, 270-71 (E.D. Pa. 1995).

Hogan's complaint regarding the limitations on the amount of writing supplies available to him does not support his argument that he has been denied meaningful access to the courts because he does not show how he was harmed by having his paper rationed at twenty-five sheets at a time. *See Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003). Moreover, the state court case which Hogan was working on when he was allegedly denied access was dismissed as frivolous. *See* Docket Entry No. 8-5, *Hogan v. Texas Department of Criminal Justice*, No. A-0176194. Hogan's access to courts

claim shall be dismissed because he cannot show that he was prevented from pursuing a non-frivolous claim.  *Ruiz v. United States*., 160 F.3d 273, 275 (5th Cir. 1998).

### III. Application to Proceed In Forma Pauperis

Hogan has submitted an Application to Proceed In Forma Pauperis (*see* Docket Entry No. 1) which shall be granted.  Hogan shall pay $ 350.00, the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall collect this amount from Hogan's trust account and forward it to the court in accordance with § 1915(b).

### IV. Conclusion

The court **ORDERS** the following:

1.      Hogan's Application to Proceed In Forma Pauperis and Motion to Amend (Docket Entry Nos. 1 and 8) are **GRANTED**.

2.      This prisoner civil rights action is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

3.      The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 20th day of September, 2007.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE